UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CAROLYN R. DOUGLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:08CV63 TIA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant has responded to the motion and objects to any award of fees or expenses because Plaintiff's motion is untimely. The parties consented to the jurisdiction of undersigned pursuant to 28 U.S.C. § 636(c).

On September 29, 2009, the undersigned reversed and remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings. In the Memorandum and Order, the undersigned noted that "[a] separate Judgment in accordance with this Memorandum and Order is entered this same date." (Docket No. 16 at 22). On September 29, 2009, the undersigned entered a separate Judgment pursuant to the Memorandum and Order as follows: **IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the final decision of the Commissioner denying Social Security benefits is **REVERSED** and the case is **REMANDED** for further proceedings." (Docket No. 17).

On June 24, 2010, Plaintiff filed the instant Motion requesting an award of attorney's fees of $4,122.52 representing 26.3 hours of attorney time at an hourly rate of $156.75, and expenses of

$81.02. (Docket No. 18). Defendant responded to this motion on July 7, 2010, and objected to any award of fees or expenses because Plaintiff's motion is filed untimely. (Docket No. 19).

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See* Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified."). An EAJA application also must be made within thirty days of a final judgment in an action, *see* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See* Shalala v. Schaefer, 509 U.S. 292, 298 (1993). Consequently, a plaintiff in a case against the government has a total of ninety days in which to file an application for attorney fees under the EAJA. In sentence four remand cases, the filing period begins after the final judgment is entered by the court. Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991).

In the instant action, judgment was entered on September 29, 2009. (Docket No. 17). The Court's judgment became final sixty days later, on November 30, 2009.[1] As a result, the statutory deadline for filing an EAJA application was thirty days later, on December 30, 2009. However, Plaintiff did not file her application until June 24, 2010. (Docket No. 18). Plaintiff's counsel has not made any showing to excuse the failure to apply for an award within the required time period.

---

[1] Inasmuch as November 29, 2009 fell on a Sunday, the sixty-day period of appeal ended on November 30, 2009. *See* Fed. R. App. Proc 26(a)(1)("When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Further, Plaintiff did not request an extension of the deadline to file her application, and there has been no showing that equitable tolling of the filing deadline is warranted. *See*, *e.g.*, Towsend v. Soc. Sec. Admin., 486 F.3d 127, 131-32 (6th Cir. 2007). Any discussion of equitable tolling is unnecessary in this case. Plaintiff did not offer any explanation, either in her application or in the accompanying brief, for filing her EAJA application for attorney's fees 176 days after the passing of the deadline. Plaintiff did not respond to Defendant's contention that the Court should deny the application for fees as untimely.

Failure to submit an application within the required time period bars an award under EAJA. *See* Olson v. Norman, 830 F.2d 811, 821 (8th Cir. 1987). The Eighth Circuit has stated that it lacks jurisdiction to consider the merits of fee applications filed beyond the time limit. *See* Pottsmith v. Barnhart, 306 F.3d 526, 527 (8th Cir. 2002). Therefore, her application was filed late, and the Court reluctantly must deny the application for attorney's fees under EAJA.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket No. 18) is **DENIED**.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   29th   day of March, 2011.